MARIE DIETRICH, ADMINISTRATRIX, ETC., OF LOUIS DIET-
RICH, DECEASED, RESPONDENT, *v*. JULES DREUTEL,
APPELLANT.

*Evidence — admissibility of testimony showing the course of dealings between the parties
prior to the date of the contract, for a breach of which the action was brought.*

This action was brought to recover an alleged balance of account for goods sold
and delivered, between April 4th and August 11th, 1879, to the defendant by
one Poiret, which cause of action was assigned to the plaintiff's intestate, by
whom the action was commenced. Under a general denial the defendant
sought upon the trial to prove the relations existing between the defendant and
Poiret prior to April 4, 1879, and to show the arrangement under which their
dealings were carried on prior to that time, and that no new arrangement was
made as to the subsequent dealings.

*Held*, that it was error for the referee to exclude the evidence upon the ground
that, under the pleadings, the inquiry must be limited to the goods delivered
after April 4, 1879.

APPEAL by the defendant from a judgment in favor of the
plaintiff, entered in New York county, upon the report of a referee.

This is an action brought to recover an alleged balance of
account for goods sold and delivered between April 4 and
August 11, 1879, to the defendant by one Alexis Poiret, which
cause of action was duly assigned to Louis Dietrich, who was the
plaintiff in this action at the time it was commenced. The
defendant, by his answer, denied each and every allegation in the
complaint and alleged payment. The action was tried before a
referee, and pending such trial the plaintiff died and the action was
revived in the name of the present plaintiff as administratrix.
Subsequently the referee reported in favor of the plaintiff for the
amount claimed and interest. The defendant, upon the trial of
the action, sought to prove the relations existing between the
defendant and Poiret, the assignor of the claim, prior to the 4th of
April, 1879, and to show the arrangement under which their deal-
ings were carried on prior to April 4, 1879, and that no new
arrangement was made between them as to the dealings subsequent
to April 4, 1879. This evidence was excluded by the referee upon
the ground that " inasmuch as the complaint claims from April 4,
1879, and the answer is a general denial, inquiry must be limited

to the goods delivered from the 4th of April, 1879." To this ruling of the referee the defendant duly excepted, and this appeal brings up this exception with others.

*Charles Robinson Smith*, for the appellant.

*Hugh Reavey*, for the respondent.

Van Brunt, P. J. :

It has not been considered necessary in the foregoing statement to refer to the various other exceptions which were argued upon the appeal, the one above referred to being fatal to the judgment, which has been rendered. The learned referee seems to have proceeded upon the theory that no evidence whatever could be given in relation to any agreement which might have been entered into prior to the 4th of April, 1879, because the complaint limited the cause of action therein set forth to goods delivered subsequent to the 4th of April, 1879. The defendant sought to prove, by the evidence objected to, that there had been dealings between the defendant and the plaintiff's assignor prior to the 4th of April, 1879, and that goods had been delivered by the plaintiff's assignor to the defendant prior to that time, under a certain agreement, and that no new arrangement in reference to payment was entered into between the parties in relation to the goods delivered subsequent to the 4th of April, 1879.

The learned referee evidently erred in excluding this testimony. It is true that, as to the delivery of the goods themselves, the parties were restricted to the dates mentioned in the pleadings, but, under the general denial, the defendant had a right to prove any state of facts going to show that the allegation in the complaint was untrue, that the goods were delivered by the plaintiff's assignor, and that he, the defendant, promised to pay the price therein named. If any agreement or contract had been entered into in reference to the delivery of goods prior to the fourth of April, and the goods in question were delivered thereunder, it is clear that the defendant would have the right to prove that agreement in order to show what the terms and conditions of the sale were, or whether it was to be considered, in view of that agreement, as any sale whatever. This, by the ruling of the referee, the defendant was precluded

from showing. The question was repeated more than once, and evidence of an admission which was made by the plaintiff's assignor, in reference to the arrangement between the defendant and the plaintiff's assignor, under which goods were purchased and delivered, evidence entirely pertinent to the general denial and the question of payment, was excluded upon these same grounds.

It is urged, in answer to this objection, that at folio 31 the evidence that the relations prior to April fourth, as between the defendant and the plaintiff's assignor, were exactly the same as subsequently, was admitted, but the referee excluded testimony tending to show what that arrangement, which existed prior to April 4, 1879, was, and therefore, although the evidence was offered establishing that the arrangement was the same before April 4, 1879, as it was subsequent to that date, the evidence as to what the arrangement was, was excluded.

This seems, as has already been stated, to have been error, as it precluded the defendant from showing the terms and conditions under which the goods referred to in the complaint were purchased and delivered. In view of the conclusion to which we have arrived in reference to this exception, it is unnecessary to consider the other objections which were urged by the appellant upon the argument of this appeal.

The judgment must be reversed, with costs to the appellant to abide event, and the case referred back to a new referee to hear and determine.

BRADY and DANIELS, JJ., concurred.

Judgment reversed, with costs to appellant to abide event; case referred back to a new referee to hear and determine.